## WEINER v. UNITED STATES.

Circuit Court of Appeals, Third Circuit.
July 1, 1927.

No. 3586.

1. **Criminal law ⬳369(1)—With certain exceptions, evidence of one crime is inadmissible to prove another.**

Evidence of the commission of one crime cannot be used to prove that defendant committed another, except, among other exceptions, when two offenses are inseparably connected, and evidence of the first tends directly to prove the second.

2. **Criminal law ⬳374—Rule against admissibility of evidence of one crime to prove another applies, whether elicited from government's witnesses or from defendant.**

The rule against the admissibility of evidence of one crime to prove another is equally applicable, whether the evidence is elicited from witnesses for the prosecution or from defendant himself.

3. **Criminal Law ⬳376—Witnesses ⬳337(5)—Accused taking stand in own defense may be cross-examined respecting prior convictions to affect credibility, but not to prove offense charged.**

Where defendant takes the stand in his own defense, he offers himself as a witness and submits himself to attack as to his credibility, and for this purpose alone he may be asked, and compelled to answer, questions as to the fact of previous convictions, but prosecuting attorney cannot explore defendant's record in order to prove the crime charged by the one confessed.

4. **Criminal law ⬳1170½(5)—Cross-examination of accused, who admitted previous conviction, as to whether he had paid fine imposed, held not prejudicial (National Prohibition Act [Comp. St. § 10138¼ et seq.]).**

Where, in prosecution for violation of National Prohibition Act (Comp. St. § 10138¼ et seq.), accused, who had not put his character in issue, was cross-examined respecting a prior conviction on a similar charge, and admitted his conviction thereof, cross-examination as to whether he paid fine imposed, though superfluous, *held* not prejudicial.

5. **Criminal law ⬳1169(5)—Attempt to cross-examine accused respecting previous conviction held not prejudicial, where court refused to permit it, and instructed jury to consider evidence on question of accused's credibility only (National Prohibition Act [Comp. St. § 10138¼ et seq.]).**

In prosecution for violation of National Prohibition Act (Comp. St. § 10138¼ et seq.), cross-examination of accused respecting details of another crime of which he had previously been convicted, on theory that prior conviction was for an offense growing out of and so closely connected with the offense for which he was on trial as to be part of the same transaction, *held* not prejudicial, where trial court refused to permit prosecuting attorney to proceed after he had asked a few questions and instructed jury to consider evidence respecting former conviction only on accused's credibility as a witness.

In Error to the District Court of the United States for the Western District of Pennsylvania; Robert M. Gibson, Judge.

Alex Weiner was convicted of violating the National Prohibition Act, and he brings error. Affirmed.

Warren H. VanKirk, of Pittsburgh, Pa., for plaintiff in error.

Joseph A. Richardson and John D. Meyer, both of Pittsburgh, Pa., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Some United States Attorneys, when prosecuting for

violations of the National Prohibition Act (Comp. St. § 10138¼ et seq.), show a disposition to depart as far as they safely can from the rule which limits cross-examination of the defendant as to prior criminal convictions solely to an attack upon his credibility as a witness (when, as in this case, he has not put his character in issue) and to endeavor thus to lodge in the minds of jurors the thought that, as the defendant has confessed a previous conviction for the commission of a similar crime, it is likely he committed the one for which he is on trial.

[1-3] The law has long been settled that evidence of the commission of one crime cannot be used to prove the defendant committed another. Wigmore on Evidence, § 192; Regina v. Oddy, 2 Denison Cr. C. 264; Boyd v. United States, 142 U. S. 450, 12 S. Ct. 292, 35 L. Ed. 1077; Taliaferro v. United States (C. C. A.) 213 F. 25; Dyar v. United States (C. C. A.) 186 F. 614. To this rule there are exceptions, for instance, when two offenses are inseparably connected and evidence of the first tends directly to prove the second. Astwood v. United States, 1 F.(2d) (C. C. A. 8th) 639, 642. The rule against the admissibility of evidence of one crime to prove another is equally applicable whether the evidence is elicited from witnesses for the prosecution or from the defendant himself. But when the defendant takes the stand in his own defense, he offers himself as a witness and, like all witnesses, submits himself to attack as to his credibility. For this purpose alone he may be asked, and be compelled to answer, questions as to the fact of previous convictions. And in this way his testimony may lawfully be weakened. It is just here that trouble arises, for not infrequently a prosecuting attorney will, if allowed, proceed further and explore the defendant's record in an endeavor to compare the facts of two unrelated cases and prove the one on trial by the one confessed. This, we have repeatedly held, is wrong. Beyer v. United States (C. C. A.) 282 F. 225, 227; Mansbach v. United States (C. C. A.) 11 F.(2d) 221, 224.

[4] Applying the law to this case, where the defendant with others was on trial for breaking a lock and seal of a distillery warehouse, for conspiracy to commit that offense, for resisting government officers and removing spirits on which the internal revenue tax had not been paid, and where he had not put his character in issue, the offending questions appear in the three assignments of error which the defendant filed on taking this writ. They are:

"1. The court erred in admitting over objection the following evidence testified to by the defendant, which is as follows: 'United States Attorney: Q. Mr. Weiner, were you the defendant in a criminal information in the Court at No. 477 Criminal, the charge against you being the transportation of 235 quarts of whisky on August 7, 1924, and the possession of 235 quarts of whisky on August 7, 1924, which information was filed by the United States Attorney in this court? * * * A. Yes, sir.'

"2. 'Q. You were found guilty on the charge of possession of 235 quarts of whisky by a jury? * * * A. Yes, sir.'

"3. 'Q. And you were sentenced by the court to pay a fine of $500.00 on February 7, 1925; is that correct? A. Yes, sir. Q. Did you pay that fine? A. Yes, sir. Q. Did you pay all of it? A. Yes, sir. Q. To whom? A. To the treasury, I suppose.' "

At the hearing on this writ of error the attorney for Weiner (who was not his trial attorney) admitted there was no vice in the questions shown by the first two assignments of error, but maintained that the rule was invaded by the questions appearing in the third assignment, which were directed to the sentence of fine imposed by the court for the previously committed crime and payment thereof. We think these questions were superfluous, but not prejudicial. Having confessed conviction, it may be assumed that the defendant paid the penalty. His credibility as a witness was affected by his confession of the crime; in committing the crime, turpitude was involved. His position as a defendant on trial was not prejudiced by his admission that he had paid the fine; in doing that, he did nothing wrong.

[5] On these three assignments, which comprise all the specifications of error, we might dispose of the case except for a disclosure by the record, which we notice of our own motion, that the United States Attorney did not stop there but resumed his inquires in an attempt to bring out the details of the confessed crime by further cross-examining the defendant, when later he reappeared as a witness, on the theory that his prior conviction was of an offense growing out of and so closely connected with the offense for which he was on trial as to be a part of the same transaction.

This examination was as follows:

"United States Attorney: Q. Was that whisky of which you were guilty of possession a part of any whisky which was secured from the Guggenheim distillery on the night of March 4th or 5th? A. I don't know any-

thing about that whisky. It was in my car. It was found for possession. Q. When? A. Well, it has been about a year ago."

"Q. Wasn't it August, 1924? A. I don't remember when it was. Q. Where was that whisky found? A. That whisky was found in the top of the garage at that time. Q. Whose garage? A. Kaufman's. Q. How far is that? A. On Center avenue. Q. How far from the Keystone garage?"

Right there the learned trial court, evidently having waited to see whether the cross-examination was, as the government contends, within the exception to the rule, stopped it by interrupting the prosecuting attorney and saying to him: "We cannot try that case. This is introduced for just one particular purpose, and that is the credibility of the witness." Thus the learned trial court abruptly and effectively arrested the prosecutor's advance toward the line dividing lawful from unlawful cross-examination, and stopped him, we think, before he had crossed it. When the court came to its charge, it instructed the jury in language so clear as not to be susceptible of misunderstanding that the testimony of the defendant in respect to his previous conviction had no bearing on his guilt in the case then being tried and that it only affected his credibility as a witness.

We are of opinion that the court in stopping the prosecuting attorney short of the forbidden field of cross-examination saved him from injecting error into the case and similarly saved the defendant from prejudice which might soon have arisen.

The judgment is affirmed.