## RINELLA et al. v. UNITED STATES.

### No. 4751.

Circuit Court of Appeals, Seventh Circuit.
July 7, 1932.

Henry J. Meyers and Charles R. Brown, both of Chicago, Ill., for appellants.

George E. Q. Johnson, U. S. Atty., and Walter F. Wiles, Asst. U. S. Atty., both of Chicago, Ill.

Before SPARKS, PAGE, and ANDERSON, Circuit Judges.

SPARKS, Circuit Judge.

The appeal of Samuel Rinella apparently has been abandoned. The same counsel have appeared for each appellant, yet the only contested issues mentioned or discussed are: (1) The lack of sufficient evidence to support the verdicts as to appellants Joseph Rinella and Ingrovedo. (2) The alleged error of the court in permitting appellant Joseph Rinella to be cross-examined as to a former conviction of a crime. (3) The alleged improper argument of the district attorney before the jury.

■ There is substantial evidence in the record to support the following facts: On February 24, 1930, government officers seized about one thousand gallons of alcohol, together with a very large still and extensive distillery equipment, in a three-story brick building at 814 South Michigan avenue, Chicago. No one was found on the premises, but the still was in operation. The doors and windows were barred and sealed with concrete, and entrance into the building was provided by an underground tunnel which opened in a garage some little distance away. The building was owned by Chicago Title & Trust Company, as trustee for the Michigan Avenue and Eighth Street Trust, and was managed by McKey & Poague, a real estate company.

On December 27, 1929, two men made a written application to McKey & Poague for the rental of the building above mentioned for garage purposes. They gave and signed their names to the application and lease as Joseph Rinella and Samuel Reynolds. The latter name, however, was signed by appellant Samuel Rinella. The application gave Reynolds' present address as the Stevens Hotel, and also a previous address as 1014 South Michigan boulevard under the names Empire Advertising Company and Chicago General Merchandise Corporation, Inc. Both applicants, at that time, said they were then engaged in the general warehouse business at 1014 South Michigan avenue, under the name of General Merchandise Corporation, and that they wanted the building in controversy for truck storage purposes. The application also stated that Joseph Rinella had a checking and a savings account with the Lincoln State Bank of Chicago. The lease was for twelve months from January 1, 1930, with a cancellation clause upon ninety days' notice, and the stipulated rental was $100 per month. The real estate agent identified one of the applicants and lessees as appellant *Samuel Rinella, but he was unable to say whether the other one was Joseph. He did say, however, that the other one was not Ingrovedo.

At the time the lease was signed, one of the lessees, in payment of the first month's rent, gave a check for $100 on the Lincoln State Bank of Chicago, which was accepted and cashed as such. It was signed by Lottie Rinella, the wife of appellant Joseph Rinella. It was stipulated that she, if present, would testify that the check was blank when she signed it.

After the lease was signed, and prior to February 1, 1930, two men went to the office of McKey & Poague and paid $100 in cash for the February rent of the building where the still was found. They asked for and received a receipt for that amount, showing that it was paid by Chicago General Merchandise Company. The young lady who received and receipted for that payment could not positively identify the two men who made it. On January 23, 1930, there was a withdrawal of $100 from the account of the Chicago General Merchandise Company at the Lincoln State Bank.

The Chicago General Merchandise Company was incorporated under the laws of Illinois on December 19, 1929, by Joe Ranelli (who is the same person as appellant Joseph Rinella), John Ingrovedo, and Alex De Millio. The authorized capital stock was $50,000. Thirty shares at $100 per share were issued immediately to the incorporators in equal proportions, and each incorporator certified that he had paid in $1,000. The tangible property of the corporation to be used in Illinois for the ensuing year was estimated by the incorporators to be of the value of $25,000.

On January 7, 1930, Joe Rinelly (who is the same person as appellant Joseph Rinella) and Alex De Milio (who is the same person as Alex De Millio) opened a checking account with said Lincoln State Bank under the name of Chicago General Merchandise Company, 1014 South Michigan avenue, and they then deposited therein $950. "Joe Rinelli, Pres. and Alex De Milio, Treas." were authorized to draw on that account. Later there appeared on the account a pencil notation after Joe's name as follows: "Off 1—17—30." It

was from this account that $100 was drawn on January 23, 1930, immediately preceding the payment of the February rent to McKey & Poague, at which time a receipt was taken in the name of Chicago General Merchandise Company.

Lottie Rinella, wife of Joseph, had no occupation other than that of housewife. Her account at said Lincoln State Bank from December 1, 1929, to February 24, 1930, on which last date the still was seized, showed deposits of $3,551. The same account from October 17, 1929, to June 16, 1930, excluding the time from December 1, 1929, to February 24, 1930, showed total deposits of $675.

It is quite obvious from the above facts that the jury's verdict as to each appellant is supported by substantial evidence, and we deem further discussion unnecessary.

During the cross-examination of appellant Joseph Rinella, he was asked, "Were you ever convicted of a felony?" to which he answered "Yes." In this there was no error. Lang v. United States (C. C. A.) 133 F. 201; Williams v. United States (C. C. A.) 3 F.(2d) 129, 41 A. L. R. 328.

In appellants' twenty-second assignment of error they allege that the district attorney made improper arguments to the jury, but the language complained of is not set forth in the assignment. A perusal of the record shows, however, that the district attorney merely called the jury's attention to the fact that appellants had produced no witness to dispute certain material facts which the government had proven. No reference whatever was made to the failure of Samuel Rinella to testify, and both other appellants did testify. This contention is without merit. Jamail et al. v. United States (C. C. A.) 55 F.(2d) 216; Schwartz v. United States (C. C. A.) 294 F. 528; Lefkowitz v. United States (C. C. A.) 273 F. 664; Shea v. United States (C. C. A.) 251 F. 440; Rose v. United States (C. C. A.) 227 F. 357.

Judgment affirmed.