## MININSOHN v. UNITED STATES.

## INTERSTATE LUMBER CO. v. SAME.

### Nos. 6610, 6654.

Circuit Court of Appeals, Third Circuit.

Jan. 25, 1939.

George S. Silzer, of Newark, N. J., for appellants.

John J. Quinn, U. S. Atty., of Red Bank, N. J., Hubert J. Harrington, of Newark, N. J., Ass't U. S. Atty., for appellee.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

BIGGS, Circuit Judge.

The appellants contend that insufficient evidence of guilt was presented to the jury to sustain their conviction upon a charge of conspiracy to defraud the United States by obtaining the payment of false and fraudulent claims.

Jacob Mininsohn and Max Mininsohn were officers of and controlled the appellant Interstate Lumber Company. Interstate Lumber Company entered into a contract with the Procurement Division of the Department of the Treasury to sell and deliver a number of barrels of cement to the Jersey Homesteads Project. Under the contract each barrel was to contain four

bags of cement and each bag was to contain ninety-four pounds net weight of cement. Specifically, the Mininsohns and the corporate appellant were charged with delivering a number of bags to the project, each bag supposedly containing ninety-four pounds net of cement, when in truth and in fact the bags delivered weighed substantially less in an amount set up in the indictment. The trial court was of the opinion that there was substantial evidence of the guilt of the appellants and sent the case to the jury which found them guilty. The appeals at bar are taken from the judgments of conviction.

Without discussing the sufficiency of the exceptions taken on behalf of the appellants or certain other matters relating to procedure and the conduct of the trial, we will endeavor to dispose of the substantial issues involved in the case.

The acts of the appellant and his brother were such as indicated the existence of a conspiracy to defraud the United States. For example, a checker employed by the Government upon the project testified that Max Mininsohn proposed to him a method whereby "easy money" might be had. The method suggested was that the checker should give receipts for bags of cement not delivered by the Interstate Lumber Company to the project. It was also shown that when certain bags of cement delivered to the project by an Interstate Lumber Company truck were taken from the truck and weighed on November 22, 1935, they were found to be eight pounds underweight per bag and it was observed that the seals upon the bags had been tampered with.

A truck driver in the employ of the Interstate Lumber Company testified that on November 22, 1935, when certain bags of cement had been rejected at the project because they contained lumps, he had returned the bags to the yard of the Lumber Company and that both Jacob Mininsohn and Max Mininsohn had told him to remove the lumps and seal up the bags and he had done so. It is abundantly clear from the testimony of this witness that these bags of cement, then underweight, were delivered back to the project.

The evidence also shows that 1198 bags of cement delivered to the project by the Lumber Company on or before November 22, 1935, were weighed upon November 25, 1935, and were found to be substantially deficient in weight. There was testimony by an officer of the Edison Cement Company, the corporation from which the Lumber Company purchased the cement, that the bags of cement supplied by his company would average about ninety-four pounds and that there could be very little leakage from the bags.

In view of the foregoing, we think that there was sufficient evidence of Jacob Mininsohn's guilt to permit the case to go to the jury. Certainly there is no reason why this court should set aside the judgment of conviction. Burton v. United States, 202 U.S. 344, 373, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362; Goodman v. United States, 3 Cir., 97 F.2d 197; Gretsch v United States, 3 Cir., 242 F. 897; Meyers v. United States, 6 Cir., 94 F.2d 433.

In respect to the corporate appellant, it is well settled law that the guilty intent of officers of a corporation may be imputed to the corporation itself in order to prove the guilt of the corporation. United States v. Nearing, D.C., 252 F. 223; New York Central & H. R. R. Co. v. United States, 212 U.S. 481, 29 S.Ct. 304, 53 L.Ed. 613; United States v. MacAndrews & Forbes Co., C.C., 149 F. 823; Vol. 10, Fletcher, Cyclopedia of Corporations, Sec. 4944, p. 654. The guilt of the Mininsohns in our opinion is not open to doubt and their guilty intent must therefore be imputed to the corporate appellant of which they were the heads.

Much emphasis is laid upon the fact that the total value of cement alleged to have been lost to the Government was about $27. The amount involved supplies no test. The question presented to the jury was whether or not the Mininsohns and the company conspired to deliver underweight bags of cement to the project and did so. These questions the jury answered in the affirmative. The appellants also allege that any loss which the government sustained was made good by subsequent deliveries. At the most this testimony was pertinent to prove lack of mens rea upon the part of the appellants and as such we think it was properly submitted to the jury. The weight to be given such testimony was a question for the jury.

The judgments of conviction of the appellants are affirmed.