## UNITED STATES v. MONARCH DISTRIBUTING CO. et al.

### No. 7281.

Circuit Court of Appeals, Seventh Circuit.

Dec. 5, 1940.

Rehearing Denied Dec. 18, 1940.

Writ of Certiorari Denied Mar. 3, 1941.

See 61 S.Ct. 732, 85 L.Ed. ——.

John M. Karns and Harold J. Bandy, both of East St. Louis, Ill., for appellants.

Arthur Roe, U. S. Atty., of Vandalia, Ill., for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

In this case two indictments were returned by the grand jury against the appellants, Monarch Distributing Company and Joseph S. Meyer, together with Lee Miller and Thomas W. Moore.

Indictment No. 15126 charged appellants and Lee Miller with violating Title 26 U.S. C.A. Int.Rev.Code § 2857, 53 Stat. 327, by falsifying certain records required to be kept under internal revenue laws and regulations. Said section of the statute requires every wholesale liquor dealer to keep daily a record of distilled spirits received and disposed of by him, in such form as may be prescribed by the Commissioner of Internal Revenue. It further provides that every wholesale liquor dealer who neglects to make entries therein shall, on conviction, be fined not less than $100 nor more than $5,000 and be imprisoned not less than three months nor more than three years.

Indictment No. 15129 charged appellant Monarch Distributing Company and defendants Thomas W. Moore and Lee Miller with violating Title 26 U.S.C.A. Int.Rev. Code § 2857, 53 Stat. 327, Title 26 U.S.C.A. Int.Rev.Code § 3793, 53 Stat. 468, and Title 18 U.S.C.A. § 390, 49 Stat. 1930. The last count of each indictment charged conspiracy.

The indictments were consolidated for trial. A jury was waived and the cases were tried before the court. The defendants Lee Miller and Thomas W. Moore were not placed on trial. The District Court in 15126 found both appellants guilty upon all counts excepting count 11 and sentenced Joseph S. Meyer to imprisonment for a term of two years and to pay a fine of $1,000 and ordered Monarch Distributing Company to pay a fine of $2,500. In 15129 the court found Monarch Distributing Company guilty upon all counts and ordered that it pay a fine of $2,500. To reverse the judgments Meyer and the Monarch Distributing Company have appealed.

Count 1 of the indictment in 15126 charges that on July 21, 1939 the Monarch Distributing Company and Joseph S. Meyer, its employee, who was in possession and control of the books and records of the corporation, did unlawfully, willfully, etc., make a certain false entry on a certain record required to be kept, known as Treasury Department Form 52A, purporting to represent that certain alcoholic spirits were received on July 22, 1939; that said entry was false in that the alcoholic spirits were in fact received on July 20; that said entry was further false in that it was not made on July 22, but was in fact made on July 24, 1939.

The record discloses that the Monarch Distributing Company operated a wholesale liquor business at East St. Louis, Illinois, and that Meyer was one of its employees. On July 20, 1939 the Skye Distributing Company sold and delivered to the Monarch Distributing Company 41 cases of liquor and at the time of the delivery a check in payment of a portion of this liquor was given by Meyer to the driver delivering the liquor. On the morning of July 21 an inspector of the Alcohol Tax Unit, in the course of his duties, inquired of Meyer if all receipts of merchandise had been recorded on Form 52A and was told that all entries had been made. Thereupon the record was checked, but it showed no entry of the receipt of the liquor received on July 20. Another examination of the record was made at 10 A. M. July 22. This too showed no entry recording the receipt

of the liquor. On July 24 an examination disclosed that an entry had been made evidencing the receipt of the liquor as of July 22. This entry was not made prior to 10 A. M. July 24.

The evidence also showed that either on the evening of July 20 or the early morning of July 21, a portion of the liquor had been removed from the boxes in which it had been delivered by the Skye Distributing Company and sold to Melvin Thompson on July 22.

Meyer testified "the shipment arrived in the afternoon of July 21. The next day was Saturday and I was busy. It probably laid on my desk and was not handed to the girl until some time on Monday."

██ The point is made that appellee introduced no evidence to show there were any regulations concerning the making of the entry. We are unable to see any merit to the point for the reason that the appellants were bound to keep the records prescribed by the statute and make the proper entries whether the Commissioner of Internal Revenue had prescribed any rules and regulations on the subject or not. Quantity of Distilled Spirits, Fed.Cas.No. 11,494 and United States v. Dutcher, Fed. Cas.No.15,013. Moreover, there was no necessity for their formal introduction, they being matters of which the courts of the United States take judicial notice. Sprinkle v. United States, 4 Cir., 141 F. 811, 820.

██ It is next insisted that the fact that appellants did not record the purchase on the day the liquor was received, does not constitute the making of a false entry. To be sure, to constitute the offense of neglecting to make the entry, there must not only be an omission to make the entry, but the failure must be intentional. Arrow Distilleries v. Alexander, 7 Cir., 109 F.2d 397, 406. Whether the omission was due to carelessness or design was the province of the District Court to determine from the evidence. In passing upon the sufficiency of the proof, it is not our province to weigh or determine the credibility of witnesses. We must take that view of the evidence most favorable to appellee and sustain the finding of the trial court if there be substantial evidence to support it. The trial court found the appellants guilty, thus, necessarily, it found that the omission was intentional or by design and we agree there was ample proof of acts and that the reasonable inference flowing therefrom warranted a finding that the appellants acted in bad faith and knowingly violated the statute.

██ The sixth count of the indictment in 15126 charged that on October 13, 1939 the appellants made a false entry in their 52B record. This is the daily record of sales required to be kept by a wholesale liquor dealer. It was alleged that the false entry was to the effect that certain described liquor had been sent to Joe Nelson, Leonard, Texas, when, in fact, it had been sent to Joe Nelson, then and there located at Kansas City, Missouri.

On Monarch Distributing Company's 52B record appears an entry that on October 13, 1939 it sold and sent to Joe Nelson, Leonard, Texas, 38 cases of liquor. The liquor and an invoice was delivered to Riss & Company, a common carrier operating motor vehicles between East St. Louis, Illinois, and Kansas City, Missouri, consigned C. O. D. to Joe Nelson, Kansas City, Missouri. Upon the arrival of the liquor at Kansas City, Missouri, it was delivered to Chester Tork, who paid $649.32 therefor and acknowledged receipt of the liquor by signing the name of Joe Nelson. Tork had the liquor transferred to a Ford truck, which was then driven into Kansas City, Kansas. In that city the truck was stopped by investigators of the Alcohol Tax Unit, Treasury Department, and Tork and the driver of the truck were placed under arrest. The bill of lading and the original freight bill were found on the person of Chester Tork. There were no words describing or designating the consignee's name or address on the cartons or boxes in which the liquor was contained.

The record further discloses that Chester Tork appeared at the office of the Monarch Distributing Company on July 8, 1939 and there conversed with Joseph S. Meyer. In addition to the shipment of liquor above discussed, there were others, commencing July 27, 1939, consigned to Joe Nelson, Kansas City, Missouri.

During the trial a man in the custody of government agents was present in the court room. This man did not testify but was identified as Chester Tork.

William E. Grinn, an investigator for the Alcohol Tax Unit, testified that Leonard, Texas, is located in his territory and has a population of 1,300; that he made a special investigation of the town relative to locating a person named Joe Nelson, interviewing the postmaster, letter carriers, city marshal, sheriff of the county and his chief

deputy, the hotel man and six of the twelve merchants in the town; and that he was unable to locate a person named Joe Nelson.

On September 20, 1939 investigators of the Alcohol Tax Unit informed Meyer that an investigation had disclosed no person named Joe Nelson at Leonard, Texas.

Joseph S. Meyer testified that he knew a person by the name of Joe Nelson of Leonard, Texas; that Nelson came to the office about July 21, tendered a receipt for a retail liquor dealer's permit and gave an order for liquor to be shipped to him at Leonard, Texas, and said he would make future orders by telephone and pay C. O. D.; that Nelson gave his first order by telephone on July 27 and directed that the liquor be shipped to Kansas City, Missouri, where it would be picked up by Nelson and taken to Leonard, Texas. On cross-examination Meyer testified that he saw Nelson only once and that Chester Tork was not Nelson.

The first three counts of the indictment in 15129 charged that on March 27, March 31 and June 30, 1939 the Monarch Distributing Company made false entries in its 52B record. These counts alleged that the false entries were to the effect that certain described liquor had been sent to Mike O'Brien, Wichita, Kansas, when, in fact, it had been sent to a person or persons other than Mike O'Brien, whose name or names and address or addresses were unknown to the grand jurors.

On Monarch Distributing Company's 52B records appear entries that on March 27 and 31 and June 30, 1939 it sold to and sent to Mike O'Brien, Wichita, Kansas, a designated number of cases of liquor, and invoices bearing Nos. 2088, 2092 and 2132 respectively were issued by the Monarch Distributing Company in which were described the liquor sold and the sale price.

On July 2, 1939 Sidney Kennedy, an investigator of the Alcohol Tax Unit, intercepted an automobile bearing Oklahoma license plates and driven by one Heil Armitage, in which spirituous liquors were found corresponding to the liquors set forth in invoice 2132 issued by the Monarch Distributing Company and entered in the 52B record as having been sold and sent to Mike O'Brien, Wichita, Kansas.

Mike O'Brien testified that in July of 1938 he resided at Wichita, Kansas, but since August he has lived in Belleville, Illinois; that that fact was known to the defendant Moore and that he had not made the purchases of liquor entered on the 52B records under date of March 27 and 31 and June 30, 1939 and evidenced by invoices Nos. 2088, 2092 and 2132. He further testified that he did not know that such merchandise had been consigned in his name and had not authorized anyone to obtain such merchandise in his name.

Appellant adduced the testimony of several employees of the Monarch Distributing Company to the effect that a number of shipments of spirituous liquors were made to O'Brien in the early part of 1939, which were loaded into O'Brien's automobile.

At the conclusion of the trial the District Court stated: "I have eliminated from consideration all hearsay and have reached my conclusion solely upon the competent evidence in the case."

Now, counsel for appellants argues that there is a total failure of proof and that the court erred in admitting the testimony of the witness Grinn.

We are of the opinion that no reversible error was committed by the trial court in permitting Grinn to testify, and it was proper for the court to consider all of the evidence, direct and circumstantial, determine what witnesses it believed or did not believe, and to say whether or not the charges in the indictment had been established beyond a reasonable doubt. This the court has done, rendering a finding against the appellants. After a careful consideration of the entire record, we find nothing to warrant a reversal.

Since we have indicated that the evidence was sufficient as against the appellants under the first and sixth counts of the indictment in 15126 and the first three counts of the indictment in 15129, and as the penalty imposed was not more than could have been imposed under them if they had stood alone, we need not consider the other counts of either indictment for the reason that errors, if any were committed under the counts not discussed, are not grounds for reversal. Whitfield v. Ohio, 297 U.S. 431, 438, 56 S.Ct. 532, 80 L.Ed. 778, and Roberts v. United States, 8 Cir., 96 F.2d 39.

Judgments affirmed.