## HENSLEY et al. v. UNITED STATES.

### No. 11921.

United States Court of Appeals
Ninth Circuit.

Nov. 29, 1948.

Writ of Certiorari Denied Jan. 31, 1949.

See 69 S.Ct. 491.

Louis B. Whitney, of Phoenix, Ariz., for appellant Eugene V. Hensley.

Fred A. Ironside, Jr., of Phoenix, Ariz., for appellants, James W. Hensley and others.

Frank E. Flynn, U. S. Atty., and E. R. Thurman, Asst. U. S. Atty., both of Phoenix, Ariz., for appellee.

Before HEALY, BONE and ORR, Circuit Judges.

BONE, Circuit Judge.

Appellants, who were wholesale liquor dealers, appeal from a judgment of conviction upon the verdict of a jury under an indictment [1] containing 69 counts. The first 68 were identical save as to the description of the then wholesale liquor dealer, the place of business, the names of the accused, the date of the offense, and the names and addresses on a certain

---

[1] The indictment bore the following caption:

"Violations: 26 U.S.C.A. 2857 (Make false entries in records of wholesale liquor dealer); 18 U.S.C.A. 88 [now 18 U. S.C.A. § 371] (Conspiracy to commit offenses against the United States of America in violation of 26 U.S.C.A. 2857)."

"Form 52-B" of the person or persons to whom distilled spirits were sent.

Each of these 68 counts charged that certain appellants (individual and/or corporate) specified therein, then being wholesale liquor dealers operating under basic permits, as such were required to keep a record of distilled spirits disposed of by them on Form 52-B prescribed by the Commissioner of Internal Revenue to be used for the purpose of indicating thereon, among other things, the name and address of the person or persons to whom distilled spirits were sent. These counts charged that in violation of Title 26, U.S.C.A. § 2857 certain of the appellants made false entries in Form 52-B as to the name and address of person or persons to whom distilled liquors were sent by the appellants named in each count. Counts 1 and 2 are typical examples of the general form and scope of each of the first 68 counts, charging substantive offenses.[2]

Each of these first 68 counts against individual and/or corporate defendants is brought into direct relationship to Form 52-B, by a general preliminary charge therein that the defendant or defendants named therein were required to keep a record of distilled spirits disposed of by them on this Form 52-B, such "record" being for the purpose of indicating (among other matters) the name and address of the person or persons to whom distilled spirits were sent. (See type of allegation in paragraph 1 of Count 1, footnote 2.)

All appellants were found guilty on count 69 which was a conspiracy charge. It accused appellants of conspiring to make certain of the "false entries" referred to in the various 68 counts above referred to, certain overt acts related thereto being alleged. Some of the counts were dismissed on motion of appellee; one defendant was acquitted on all counts and

---

[2] "Count I.

(26 U.S.C.A. 2857)

"1. That at all times herein mentioned, Eugene V. Hensley and James O. Cox, defendants, and one Kemper Marley, were co-partners engaged in the trade or business of wholesale liquor dealers at Phoenix, Arizona, under a basic permit and special tax stamp, in the firm name and style of the United Sales Company, selling and offering for sale distilled spirits in quantities of five wine gallons or more to the same persons at the same time; that as such said wholesale liquor dealers they were required to keep daily, at their place of business, covered by their special tax stamp, a record of distilled spirits disposed of by them on a form prescribed by the Commissioner, to wit, form 52-B, to be used by licensed wholesale liquor dealers for the purpose of indicating, among other things, the name and address of the person or persons to whom distilled spirits were sent.

"2. That the said defendants, Eugene V. Hensley and James O. Cox, did, on or about the 14th day of April, 1945, in said state and district of Arizona, in violation of Title 26, U.S.C.A. 2857, unlawfully and wilfully make a false entry in and upon a said form 52-B, by then and there unlawfully entering thereon that on the 14th day of April, 1945, certain distilled spirits, to wit, one case Joe E. Seagram & Sons, Inc. Imp. Can. and one case Hiram Walker & Sons, Inc. R-820 Cal. had been sent by United Sales Company, to Brown's Pharmacy, Phoenix, Arizona, when in fact, the above and foregoing described distilled spirits had not been sent to Brown's Pharmacy, but had been disposed of by the said United Sales Company to a person or persons other than the said Brown's Pharmacy, whose name or names and address or addresses are unknown to the Grand Jurors.

"Count II.

"1. That all the allegations of paragraph 1, of Count I of this indictment are incorporated in and made a part of this Count by reference as fully as if same were herein fully set forth.

"2. That the said defendants, Eugene v. Hensley and James O. Cox, did, on or about the 14th day of April, 1945, in said State and District of Arizona, in violation of Title 26 U.S.C.A. 2857, unlawfully and wilfully make a false entry in and upon a said form 52-B, by then and there unlawfully entering thereon that on the 14th day of April, 1945, certain distilled spirits, to wit, two cases Hiram Walker & Sons, Inc. Imp. Can. had been sent by the United Sales Company, to the Elks' Club, Phoenix, Arizona, when in fact, the above and foregoing described distilled spirits had not been sent to the Elks' Club, but had been disposed of by the said United Sales Company to a person or persons other than the said Elks' Club, whose name or names and address or addresses are unknown to the Grand Jurors."

appellants convicted on certain others. These convictions result in this appeal.

Appellants do not question the sufficiency of the evidence with respect to any of the counts upon which they were respectively found guilty. Their contentions in this court present only questions of law relating to the cited statute, and the scope and general effect of the regulations promulgated thereunder.

The pertinent language of the statute (Section 2857, supra) is as follows:

"(a) Requirements. Every * * * wholesale liquor dealer who sells, or offers for sale, distilled spirits *. * * *shall keep daily,* at his place of business * * * a record of distilled spirits *received and disposed of by him,* and shall render under oath correct transcripts and summaries of such records: * * *. The records shall be kept * * * *in such form, and under such rules and regulations as the Commissioner, with the approval of the Secretary, may prescribe.*

"The records required to be kept under the provisions of this section and regulations issued pursuant thereto, shall be preserved for a period of four years, and * * * shall be available * * * for inspection * * *.

"Every * * * wholesale liquor dealer who refuses or neglects to keep such records *in the form prescribed by the Commissioner,* with the approval of the Secretary, or to make entries therein, * * * *or makes any false entry therein,* * * *."* (Emphasis ours.)

Penalty provisions appear in the section.

Certain regulations were promulgated by the Commissioner pursuant to Section 2857 referred to in the caption of the indictment and upon which the indictment is asserted to be predicated, i. e., Sections 194.75 to 194.81 inclusive of Title 26, Code of Federal Regulations, the pertinent provisions of which are as follows:

"194.75 Records to be kept by wholesale liquor dealers. (a) Every wholesale dealer in liquors who sells distilled spirits in quantities of 5 wine gallons or more to the same person at the same time shall keep Record 52, 'Wholesale Liquor Dealer's Record,' and render monthly transcripts, Forms 52A and 52B, 'Wholesale Liquor Dealer's Monthly Report,' and Form 338, 'Wholesale Liquor Dealer's Monthly Report (Summary of Forms 52A and 52B).'

"(b) Daily entries shall be made on Record 52 of all distilled spirits received and disposed of, as indicated by the headings of the various columns, and in accordance with the instructions printed thereon * * *."

Pursuant to the statutory authority above quoted, the Commissioner, by regulations above referred to, "prescribed" and promulgated the official record "form" to be used by wholesale liquor dealers, that form being 52-B here involved. It is printed with ruled column spaces in which certain information is to be entered by the wholesale liquor dealer consisting, (among other data) of the names and addresses of person or persons to whom distilled spirits were sent, and the date of the sending, the kind and quantity of the distilled spirits so sent and the name of the distiller or rectifier of the said spirits. The said information so required in the form is indicated by the caption at the head of one of the columns, the directive reading "to whom sent * * * name * * * address."

Appellants specify numerous errors at the trial all of which we have considered. In essence these claims of error are contentions which may be summarized as follows:

A

Section 2857 plainly prescribes that a wholesale liquor dealer keep "a record of distilled spirits received and disposed of by him"; *it does not prescribe that such a dealer keep "a record of the names and addresses of the person or persons to whom distilled spirits were sent." The Commissioner is only authorized, by this statute, to prescribe the "form", that is to say, "the physical arrangement" in which the "record of distilled spirits received and disposed of" shall be kept.*

B

*Under Section 2857 there is no such crime as that charged in the indictment.*

Before 1936 the statute specifically required the wholesale dealer to "provide * * * a book, to be prepared and kept in such form as may be prescribed by the Commissioner of Internal Revenue, and shall, * * * *enter in such book, * * * the name and place of business of the person or firm to whom such spirits are to be sent," and if the dealer did "make any false entry" it was a crime. This entry was specifically eliminated by the 1936 amendment *and the present statute does not even mention, let alone require that entry. Neither does the present statute make it a crime to violate a regulation of the Commissioner.* Here the Commissioner did not confine himself *to that which the statute required—he purports to add a requirement not in the statute.*

## C

Section 2857 does not constitutionally empower or constitutionally delegate power to the Commissioner alone, or with the approval of the Secretary, to promulgate a regulation requiring the use of a form, or prescribe a form, wherein wholesale liquor dealers *must* by an entry indicate the name and address of the person or persons to whom distilled spirits were sent (as in Form 52-B). For this reason the statute does not support convictions on the instant indictment which charges the making of false entries on Form 52-B respecting the names and addresses of those to whom distilled spirits were sent by appellants.

## D

The regulations themselves do not *require* wholesale liquor dealers to make entries on Form 52-B showing such names and addresses; furthermore, the quoted regulations and the portion of said Section 2857 upon which the indictment is founded are unconstitutional and lacking in due process *in that* this portion of the statute, and the regulations, set up no ascertainable and immutable standard of guilt.[3]

■ Appellants contend that the holdings in and logic of such cases as United States v. Eaton, 144 U.S. 677, 12 S.Ct. 764, 36 L.Ed. 591; United States v. Grimaud, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563, and Viereck v. United States, 318 U.S. 236, 63 S.Ct. 561, 87 L.Ed. 734, support their contentions above outlined. We do not agree.

It will be noted that the command of the regulations, supra, is that the dealer *shall keep a record Form 52-B, and daily entries shall be made thereon "of all distilled spirits received and disposed of" as indicated by the headings of the various columns.* It is too clear for dispute that the italicized words specifically require the wholesale liquor dealer to observe and follow the requirements indicated in "the headings" of the various columns on Form 52-B. By the plain and simple directive in the quoted regulations, these column "headings" are thereby made an integral part of Form 52-B and as completely binding on appellants as the requirement about "daily entries." If this were not the case the words "as indicated by the headings of the various columns" would be utterly meaningless and would have to be read out of the regulation by this court. The argument that the regulation does not command a wholesale liquor dealer to make entries indicating the name and address, etc. is wholly lacking in persuasive force.

■ We reach the same conclusion respecting the argument that there is no requirement in the statute that a record of names and addresses be kept. Appellants assert that the statute (Section 2857) does not empower the Commissioner to *require* a record of names and addresses of those to whom distilled spirits are sent. The statute itself answers this contention. It specifically authorizes the Commissioner to require just such liquor records. In simple language it prescribes that "every * * * wholesale liquor dealer who refuses or neglects *to keep such records in the form prescribed by the Commissioner,* * * * or makes any false entry therein, * * * shall pay a penalty* * * and, on conviction, shall be fined * * * and be imprisoned * * *." (Emphasis ours.) Under such plain and unambiguous

---

[3] Appellants presented the substance of these contentions in argument on motions in the lower court to strike certain exhibits and for judgment of acquittal.

statutory authority we do not doubt the power of the Commissioner to prescribe by regulations the *form* of the report record for such liquor wholesalers, and by such regulations require that this particular official report record or "form" contain information of the precise character called for in "headings" of the various columns of such form. These "headings" are far more than a meaningless "physical arrangement" —a characterization given them by appellants. To. the contrary they are an essential part of this important official report which is so "formed" as to indicate on its face exactly what facts are required to be entered in the various columns. The use and existence of these "headings," and the important function assigned to them, finds ample sanction in Section 2857.

■ In prescribing this entire form the Commissioner did not transcend his powers for these powers derive directly from the statute. Thus having power lawfully to require the sought for information, he had power to require it to be set forth in a certain way *in a form prescribed by him.* It follows that if a wholesaler is required to report such information on such a form and deliberately sets forth false information concerning the required facts, he offends against the Federal law and the regulations. It cannot be said that the law (as here) may require certain important and pertinent information to be entered on a prescribed form for the use of a public official in aid of law enforcement, but must tolerate such information when it is false.

We are of the view that the substantial issues posed on this appeal find their answers in such cases as Dixon v. United States, 8 Cir., 116 F.2d 907; Helvering v. Superior Wines & Liquors, Inc., 8 Cir., 134 F.2d 373; Arrow Distilleries, Inc. v. Alexander, Federal Alcohol Administrator, 7 Cir., 109 F.2d 397; United States v. Monarch Distributing Co., 7 Cir., 116 F.2d 11. See also United States v. McDermott, 7 Cir., 131 F.2d 313.

■ We hold that the provisions of the (cited) regulations were clearly authorized by the (cited) statute, and that the trial court properly permitted their application to the facts in this case under the charge set forth in the indictment. The offenses charged in the indictment therefore violated both the statute and the regulations. Form 52-B merely requires that certain information be set forth therein respecting commonplace business operations, and in this connection, it is to be remembered that we are here dealing with a federally regulated business. It is obvious, and the regulations so indicate, that the Commissioner regarded the particular information here sought as necessary and essential to an efficient enforcement of federal liquor laws, and there is absent a rational reason for condemning the regulations on the theory that they require procedural formalities which are unreasonable, capricious and arbitrary. We think that the regulations merely apply sound administrative practice to transactions of the character here involved.

Appellants' contentions in this case fall far short of achieving the dignity of a constitutional issue. The instant statute and regulations set up a clearly ascertainable standard of guilt and are not tainted with the constitutional infirmities charged by appellants.

The Judgment and Sentences are affirmed.