## UNITED STATES v. EMPIRE PACKING CO. et al.

### No. 9582.

United States Court of Appeals
Seventh Circuit.

April 8, 1949.

Rehearing Denied May 16, 1949.

Writ of Certiorari Denied June 27, 1949.

See 69 S.Ct. 1534.

Michael F. Mulcahy and Henry W. Dieringer, both of Chicago, Ill., for appellants.

Otto Kerner, Jr., U. S. Atty., Robert C. Eardley and Daniel P. Ward, Asst. U. S. Attys., all of Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, MINTON, Circuit Judge, and WHAM, District Judge.

WHAM, District Judge.

This is an appeal from the conviction and sentence by the trial court, jury trial having been waived, of the defendants, Empire Packing Company, a corporation, and Samuel Chapman, its president, under an indictment brought under Section 80 [now § 287], Title 18, United States Code Annotated consisting of twenty-three counts charging said defendants with one Fred Sans, Jr., vice president and treasurer of said corporation, with filing false claims for Government subsidies with the Defense Supplies Corporation. The sixteenth count was dismissed as to all the defendants and the entire case was dismissed as to Fred Sans, Jr. at the close of the evidence for the Government. At the close of all the evidence the court found the corporation and its president guilty as charged in the remaining counts of the indictment. A fine of $5,000 was imposed on the corporate defendant and the defendant Chapman was sentenced to serve a year and a day in the custody of the Attorney General.

The corporate defendant was engaged in the business of buying and slaughtering cattle and other livestock and in selling its manufactured meat and meat products. In

connection with such business claims for Government subsidies were filed with the Defense Supplies Corporation by said corporate defendant. The subsidy claim forms, upon which payment was made by the Government, and which were executed on behalf of the Empire Packing Company by Fred Sans, Jr., as vice-president, contained, among others, the following paragraphs:

"I certify that:

"1. The quantity of livestock set forth above was slaughtered in the above named establishment during the period covered by Fred Sans, Jr., as vice president, conowner of all such livestock at the time of slaughter.

"*   *   *   *   *   *

"7. During the period covered by this claim the applicant has not wilfully violated any regulation of the War Food Administration or the Office of Price Administration applicable to livestock slaughter or the sale or distribution of meat.

"8. All benefits from this claim are being passed on to the persons from whom the livestock were purchased.

"9. The statements made herein and on all attached sheets are true and I am authorized to make such statements on behalf of the applicant."

Each count charged that defendants did wilfully and knowingly present and cause to be presented to the Defense Supplies Corporation for payment a certain false subsidy claim or claims for a specified subsidy period, which were false in that the defendants, in connection with the subject matter of the claim or claims, contrary to the representations in the claim, had wilfully violated the applicable regulations of the War Food Administration or the Office of Price Administration in the particulars set forth in the count. Among the violations charged in the various counts as the basis of the charges of filing false claims for various periods were the following:

1. That as a condition to the sale of meat, defendants had charged and received side payments over and above the maximum prices set by the Price Administrator pursuant to The Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq.

2. That defendants sold meat of an inferior grade and quality at prices over and above the maximum prices by making invoices falsely describing the meat as being of higher grade and quality than the grade and quality as indicated upon the meat by stamp, and charging therefor the prices applicable to meat of said higher grade and quality.

3. That defendants falsified the quantity of beef slaughtered in the different grades by reporting slaughter in certain grades of beef in quantities greater than in fact had been slaughtered in those grades.

4. That defendants wilfully and unlawfully sold slaughtered meat at prices over and above the maximum prices set by the Price Administrator by charging and receiving payment for a calculated weight of said meat substantially in excess of the actual or true weight of said meat so sold.

As will be pointed out later there is substantial evidence in the record, if considered most favorably to the Government, to sustain each of the foregoing charges, as reflected in one or more counts of the indictment and to sustain a verdict of guilty as to such charges.

On this appeal defendants contend that the trial court erred in not allowing defendants' motion for acquittal in that the judgment is not supported by material and competent evidence; that the court erred in permitting the prosecution to question the defendant, Chapman, pertaining to a former conviction over the objection of defendants' counsel; that the judgment is contrary to law, and that the court erred in overruling defendants' motion for a new trial.

It is the function of the trial court to weigh the evidence and to determine the credibility of witnesses. If there is competent and substantial evidence to support the verdict against the accused, viewing the evidence most favorably to the Government, the conviction must be affirmed. United States v. Schachtrup, 7 Cir., 140 F.2d 415; United States v. Glasser, 7 Cir., 116 F.2d 690, modified, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, rehearing

denied, 315 U.S. 827, 62 S.Ct. 637, 86 L.Ed. 1222; United States v. Monarch Distributing Co., 7 Cir., 116 F.2d 11, certiorari denied, Monarch Distributing Co. v. United States, 312 U.S. 695, 61 S.Ct. 732, 85 L.Ed. 1130; United States v. Bach, 7 Cir., 151 F.2d 177; Dixon v. United States, 7 Cir., 113 F.2d 640.

■ It is not necessary that there be sufficient evidence to sustain a verdict of guilty under all counts of the indictment. Inasmuch as the sentence imposed against each convicted defendant here was on the indictment as a whole and is within the limits of a sentence that could have been lawfully imposed under any one count of the indictment, the conviction must be affirmed if there is substantial evidence, viewing it in the light favorable to the Government, to sustain a conviction of each defendant on any one count. United States v. Trenton Potteries Co., 273 U.S. 392, 47 S.Ct. 377, 71 L.Ed. 700, 50 A.L.R. 989; Reuben v. United States, 8 Cir., 86 F.2d 464, certiorari denied 300 U.S. 671, 57 S.Ct. 513, 81 L.Ed. 877; Vautrot v. United States, 7 Cir., 144 F.2d 740; United States v. Riedel, 7 Cir., 126 F.2d 81.

No special findings were requested, and none were made by the court in disposing of the case. The defendants were found guilty and sentenced upon the entire indictment without specifying the particular counts. This has made necessary a search of the record to see if there be substantial evidence to support a finding of guilty upon the indictment or any count thereof.

The record, when viewed in the light most favorable to the Government, discloses substantial evidence to support findings of fact as follows: The defendant, Samuel Chapman, was president of the defendant, Empire Packing Company, and owner of all its outstanding preferred and fifty per cent of its common stock. He was in complete charge of plant operations, namely, buying, killing and selling. He had final authority in all corporate affairs and transactions. During the periods covered by applicable counts of the indictment, he instructed certain employees of the corporation to charge and collect from customers side payments as a prerequisite to the sale of meat to them, which payments were over and above the ceiling or maximum price as fixed by applicable regulations for the meat so sold. These payments were turned over to Chapman by said employees. In one or more instances the side payments were charged and collected by Chapman in person. These over-ceiling payments were not reflected on the books of the corporation.

At certain times charged in the indictment employees of defendant corporation acting for the corporation under the direction of Chapman knowingly failed to make allowances for shrinkage in weight of meat during the cooling period thereby causing the records of the corporation to show greater quantities of meat than warranted by the facts. The corporation through Chapman and other employees under him, at times charged in the indictment, caused certain meats to be given a higher grade with a higher ceiling price than such meats were entitled to receive when properly graded under the applicable regulations. At other times the grades were changed to lower grades which at the time carried higher subsidies. The aforesaid false grades and quantities appeared in the books and records and resulted in false claims for subsidies as charged in various counts in the indictment.

■ Fred Sans, Jr., vice president and treasurer of the corporation, was its office manager and prepared and certified to all the claims covered by the indictment. The information affecting subsidies which he certified to in the claims was taken from the books and records of the corporation. The books and records did not show the side payments nor did they disclose that over-ceiling prices had been charged and that there had been false grading, false weights and false quantities recorded in such books and records. Chapman, in his capacity as corporation president in active charge of operations, knew of such falsities and withheld the knowledge from Sans. He also knew that the invoices and books did not disclose said falsities to Sans. He knew that the subsidy claims were being made and presented to the Defense Supplies Corporation for the purpose of getting Government subsidies, that Sans made

up the subsidy claims from the books and records and that so made up the claims would be false, in so far as the books and records did not reflect the truth. Chapman kept in close touch with Sans in relation to the making of the subsidy claims and the receipt of subsidy payments by the corporation. By withholding from Sans information which he had and which was necessary to the preparation of honest subsidy claims Chapman caused false claims to be made and presented as charged in the indictment. His knowledge in this respect was the knowledge of the corporation and his act in so causing the false claims to be made and presented was the act of the corporation. United States v. Van Riper, 3 Cir., 154 F.2d 494; United States v. George F. Fish, Inc., 2 Cir., 154 F.2d 798; Mininsohn v. United States, 3 Cir., 101 F.2d 477; New York Central R. R. v. United States, 212 U.S. 481, 29 S.Ct. 304, 53 L.Ed. 613.

Defendants' counsel make much of the facts that the corporate books and records did not reflect the side payments received by Chapman and the over-ceiling charges thereby caused and that the corporation received no benefit. As was stated in Old Monastery Co. v. United States, 4 Cir., 147 F.2d 905, 908, certiorari denied 326 U.S. 734, 66 S.Ct. 44, 90 L.Ed. 437, "We do not accept benefit as a touchstone of corporate criminal liability; benefit, at best, is an evidential, not an operative, fact." As was stated of Ostrow in that case, Chapman here acted not as an individual, but in the role of president and representative of the corporation within the scope of his corporate capacity both actual and apparent. His illegal activities were carried on as an incident to the carrying on of the corporation's business and were made possible only through the corporate authority with which he was clothed. His knowledge was the knowledge of the corporation, United States v. Van Riper, supra; and his guilty intent is imputable to the corporation for the purpose of proving the guilt of the corporation. Mininsohn v. United States, supra; New York Central R. R. v. United States, supra. Thus, we find the evidence set forth above sufficient to sustain the conviction of both

Chapman and the corporate defendant of causing false claims to be made and presented as charged in the counts relating to the side payments received by Chapman. Furthermore, as pointed out above, there is substantial evidence sufficient to sustain a conviction of both Chapman and the corporate defendant on the grounds that Chapman and the other employees of the corporate defendant in their capacities as corporate employees and acting for the benefit of the corporation committed the violations charged in the counts of the indictment relating to false grading, false weights and false quantities which caused false subsidy claims to be made and presented by Sans.

■ Defendants' counsel contends that the trial court committed error in permitting the prosecution to question Chapman as to a former conviction over the objection of his counsel. This was a trial before the court without a jury and if the reception of said evidence were error it would appear to be harmless. But it was not error. An accused, taking the stand in his own defense, may be cross-examined regarding a prior conviction for a felony as affecting his credibility. Weiner v. United States, 3 Cir., 20 F.2d 522; United States v. Modern Reed & Rattan Co., 2 Cir., 159 F.2d 656, certiorari denied 331 U.S. 831, 67 S.Ct. 1510, 91 L.Ed. 1845; Rinella v. United States, 7 Cir., 60 F.2d 216. The fact that Chapman's conviction for income tax evasion was pending on appeal, as brought out in the trial court, did not render the cross-examination improper. Unless and until the judgment of the trial court is reversed, the defendant stands convicted and may properly be questioned regarding said conviction solely for the purpose of testing credibility. 58 Am.Jr., Sec. 745, p. 402, citing Dickson v. Yates, 194 Iowa 910, 188 N.W. 948, 27 A.L.R. 533. See annotations in 6 A.L.R. 1647; 25 A.L.R. 348; 103 A.L.R. 367.

■ Lastly, defendants contend that the trial court erred in overruling their motion for a new trial. The disposition of a motion for new trial rests within the sound discretion of the trial judge, and his ruling on the motion is not subject to review ex-

cept for a clear abuse of discretion. United States v. Dressler, 7 Cir., 112 F.2d 972; United States v. Glasser, supra. From the record it appears that counsel for defendants was given opportunity to make an oral motion for new trial and the court considered the motion as made. There was no abuse of the discretion of the court in so proceeding and in denying the motion. Rules 33 and 47 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

Finding no reversible error the judgment is affirmed as to each appellant.