HOWELL GRAHAM *v.* STATE.

(*Knoxville.* September Term, 1915.)

1. **SUNDAY. Statute. Penalty. Exclusion of criminal.**

Shannon's Code, sec. 3029, declaring a forfeiture by any person exercising any common avocation on, Sunday, suable by any one who will sue therefor, and giving one-half of the forfeit to the person suing and the other half to the county, is a mere penalty statute, not intended to interfere with the State's right by criminal proceedings to prosecute indictments based on the common law. (*Post, pp.* 287-291.)

Cases cited and distinguished: Gunter v. State, 69 Tenn., 129; State v. Graham, 35 Tenn., 134; Bell v. State, 31 Tenn., 42; Parker v. State, 84 Tenn., 476.

Code cited and construed: Sec. 3029 (S.).

2. **SUNDAY. Nonobservance. Indictment.**

The unnessary performance of secular labor on the Sabbath day is an indictable offense, where it is done so that it prejudicially affects the morals or health of the community, thereby creating a common nuisance. (*Post, pp.* 287-291.)

3. **SUNDAY. Indictment. Sufficiency.**

An indictment averring that defendant's operation of his moving picture show on Sunday was to the common nuisance against the peace and dignity of the State, sufficiently averred that the public was disturbed by its operation. (*Post, p.* 292.)

Case cited and approved: Gaines v. State, 75 Tenn., 410.

4. **SUNDAY. Prosecution. Sufficiency of evidence.**

Plaintiff's conduct of a moving picture show on successive Sundays, located on a leading thoroughfare of the city to the observance of passers-by in the matter of seeing the large crowds going in and out of the show, warranted his conviction. (*Post, p.* 292.)

Graham v. State.

5. SUNDAY. Observance. Common law.

The common law recognized the sanctity of the Lord's Day, which
   principle has become a part of the law of Tennessee. (*Post, p.*
   292.)

Cases cited and approved: Moss v. State, 131 Tenn., 94; State ex
rel. v. Baseball Club, 127 Tenn., 310.

FROM HAMILTON.

Error to Criminal Court of Hamilton County.—S. D.
McReynolds, Judge.

W. H. Cummings, for plaintiff in error.

Frank M. Thompson, Attorney-General, for the
State.

Mr. Justice Buchanan delivered the opinion of the
Court.

Plaintiff in error, Howell Graham, was indicted, tried
and convicted in the criminal court of Hamilton county,
and has appealed from the judgment there rendered
against him, and assigned errors in this court. Omit-
ting the formal parts thereof the indictment charged:

"That Howell Graham, heretofore, on the 4th day of
July, 1915, in the county aforesaid, did unlawfully, on
Sunday, and other Sundays before such date, within
twelve months thereof, follow his usual avocation by
operating, in the city of Chattanooga, a moving picture
show, at which an admission fee was charged, and in
which were gathered large crowds of people, to the

common nuisance, against the peace and dignity of the State."

The case was tried before the judge of the criminal court without the intervention of a jury, on the following agreed statement of facts: (1) That Howell Graham, the defendant, was engaged in the motion picture business, operating his place of business in Chattanooga, Hamilton county, Tenn.; (2) that the defendant operated said place of business on the Sunday alleged in the indictment, and on several successive Sundays prior to the finding of this indictment; (3) that the defendant charged the usual price for admittance to the Sunday shows and large crowds attended; that the moving picture show was given or exhibited on these several Sundays at defendant's regular place of business on Market street, in the city of Chattanooga, Hamilton county, Tenn. Market street is the leading thoroughfare in the city of Chattanooga, and said business was conducted by said defendant on Sunday to the observance of passers-by in the matter of seeing large crowds going in and out of said show. This was all the evidence offered in the case.

After the indictment was found the accused in due season moved the trial court to quash, upon the ground that it was based on section 3029, Shan. Code, which provides as follows:

"If any merchant, artificer, tradesman, farmer, or other person shall be guilty of doing or exercising any of the common avocations of life, or of causing or permitting the same to be done by his children, or servants,

acts of real necessity or charity excepted, on Sunday, he shall, on due conviction thereof, before any justice of the peace of the county, forfeit and pay $3, one-half to the person who will sue for the same, the other half for the use of the county.''

The motion to quash was predicated on the view that under the statute above quoted the exclusive jurisdiction of the matters by the statute denounced was conferred upon justices of the peace, and that the criminal court of Hamilton county was therefore without jurisdiction to. try and punish the accused for the offense charged in the indictment. The court overruled the motion to quash, and upon the defendant's plea of not guilty, and the agreed statement of facts mentioned, the cause was tried with the result already stated.

One of the assignments of error in this court is that the trial judge erred in overruling the motion to quash. This assignment of error is not well taken. The statute set out in the motion to quash is a mere penalty statute passed, no doubt, to promote a wholesome observance of the Sabbath day. It declares a forfeit by any person exercising any of the common avocations of life, etc., and makes such forfeit suable by ''the person who will sue for the same,'' and provides that one-half of the forfeit shall go to the person suing, and the other half shall go to the use of the county. It was not the purpose of this statute to interfere with the State's right by criminal proceedings to prosecute indictments based upon the common law. It has long been settled in this State that the unnecessary performance of secular

Graham v. State.

labor on the Sabbath day is an indictable offense, where the same is done so that it prejudicially affects the morals or health of the community, thereby creating a common nuisance. In one of our cases where the appellants were convicted of violating the Sabbath by hunting and shooting through the woods and fields with guns and pistols, for squirrels and other game, to the manifest corruption of the public morals, to the evil example and common nuisance of all good citizens, etc., the same defense in substance made in the present case was interposed, but the court rejected it, and, in the course of the opinion, said:

"The sections of the Code cited empower a justice of the peace to impose a pecuniary fine upon the offender, and when either offense is committed under circumstances, and to such an extent, as to create a nuisance, it is also indictable at common law. Mr. Bishop says, after enumerating indictable offenses: 'Unnecessarily to perform secular labor on Sunday in such a way as to disturb the worship of others,' or 'to commit any act which from its nature must prejudicially affect the morals and health of the community,' is indictable."

And, said the court, further, in the same opinion:

"These flagrant violations of the Sabbath day do tend to debauch the public morals." *Gunter* v. *State,* 69 Tenn. (1 Lea),129.

In another of our cases it was said:

"Generally, any practices tending to disturb the peace and quiet of communities, or corrupt the morals

134 Tenn. 19

of people, are indictable as public offenses by the common law." *State* v. *Graham,* 35 Tenn. (3 Sneed), 134.

In another case it is said:

"The municipal law looks to something more than merely the protection of the lives, the liberty, and the property of the people. Regarding Christianity as part of the law of the land, it respects and protects its institutions, and assumes likewise to regulate the public morals and decency of the community."

And, further in the opinion, it is said:

"And it may be laid down, in general terms, that all such acts and conduct as are of a nature to corrupt the public morals or to outrage the sense of public decency are indictable whether committed by words or acts." *Bell* v. *State,* 31 Tenn. (1 Swan), 42.

In another case, where the appellant was convicted upon an indictment charging that he had followed and exercised his avocation of blacksmith upon a Sunday, and on divers other Sundays theretofore, and up to the time of the finding of the indictment, etc., it was said:

"But however uncertain may be the precise extent to which the common law protects Christianity, there is no question that it practically and fully cherishes the public morals. And it punishes as a crime every act which it deems sufficiently evil and directly tending to impair the public morals, and while a single act of the class forbidden by the statute may be punished by a specific fine, as prescribed by the statute, yet, if repeated and continued, it becomes punishable by indictment at common law. 1 Bish. Crim. Law, section 1055. See,

Graham v. State.

also, section 939, 2 Bish. Crim. Law, where it is said that the doctrine has been laid down in Pennsylvania that though a single act of Sabbath breaking is punishable by a fine, there may be such a succession of acts of the same sort as will amount to an indictable offense.''

After the quotation above set out, the opinion of the court, referring to the identical statute relied on by plaintiff in error in the present case,. proceeds as follows:

''The statute makes it unlawful for any one of the enumerated classes to follow his ordinary secular avocation on the Sabbath day, because it is immoral and is of pernicious effect, and, though it may be conceded, a single offense may be liable only to the penalty prescribed by the statute, yet a succession of such acts becomes a nuisance and is indictable. Such a succession and repetition of the acts are shown in this case, as one witness says that defendant did work at his trade, as blacksmith, in his shop near Springville, every Sunday, and others testify to similar acts on many Sundays within twelve months before the finding of the indictment. Nor is it necessary to a conviction that the proof should show that any person was disturbed thereby. It is sufficient that the acts, which the law holds as illegal and forbidden, have been done in such public manner as to have been open to the observation of the public. Their tendency is to corrupt public morals, and the example is pernicious and contrary to law and the wellbeing and good order of society.'' *Parker* v. *State,* 84 Tenn. (16 Lea), 476, 1 S. W., 202.

It is said for plaintiff in error that the indictment fails to charge an offense known to the law of this State, and that the proof fails to support the conviction because the indictment does not aver, and the proof does not show, that the public was disturbed by the operation of the picture show. In reply to these positions it may be said, in the first place, that the indictment does aver that the maintenance of the picture show was to the common nuisance against the peace and dignity of the State. This is a sufficient averment. *Gaines* v. *State,* 75 Tenn. (7 Lea), 410, 40 Am. Rep., 64. In the second place, the proof in the present case makes it clear that the picture show business of the plaintiff in error was conducted by him on successive Sundays, to the observance of passers-by in the matter of seeing the large crowds going in and out of the show, and the show was located on Market street, a leading thoroughfare of the city of Chattanooga.

The common law recognized the sanctity of the Lord's day. This principle of the common law was adopted by the State of North Carolina, and has become a part of the law of our own State, as pointed out in *Moss* v. *State,* 131 Tenn. (4 Thomp.), 94, 173 S. W. 859.

The holding in *State ex rel.* v. *Baseball Club,* 127 Tenn. (19 Cates), 310, 154 S. W., 1151, Ann. Cas., 1914B, 1243, when properly understood is not in conflict with any of the cases herein cited.

The present case, on its facts, falls clearly within the ruling of *Parker* v. *State,* supra, and it results that the judgment is affirmed. Justice GREEN concurs in the result reached by the court.