MILFORD C. SMITH, J. E. LINDSEY and H. C. ARMSTRONG,
Plaintiffs in Error.

STATE OF TENNESSEE, Defendant in Error.

385 S.W.2d 748.

(*Jackson*, April Term, 1964.)

Opinion filed January 6, 1965.

Louis E. Eubanks, Memphis, for Milford C. Smith.

Warren Miller, Memphis, for J. E. Lindsey, Hanover, Hanover, Hanover & Walsh, Memphis, for H. C. Armstrong.

George F. McCanless, Attorney General, Edgar P. Calhoun, Assistant Attorney General, for the State.

Mr. Justice White delivered the opinion of the Court.

The plaintiffs in error, defendants in the court below, were indicted on three separate charges: fraudulent sale of securities, T.C.A. sec. 48-1644; conspiracy to violate the fraudulent advertising law, T.C.A. sec. 39-1910; and conspiracy to violate the registration section of the securities law, T.C.A. sec. 48-1602.

The three cases were consolidated and tried before a jury which found all three defendants guilty of the fraudulent sale of securities. The defendants were also found guilty of conspiracy to violate the fraudulent advertising law. As to the charge of conspiracy to violate the registration section of the securities law, defendants Smith and Lindsey were convicted.

Motions for new trials were made and overruled. From this action of the trial court the plaintiffs in error have appealed to this Court. All of them assign as error the action of the trial court

"* * * in charging the jury on Sunday morning, November 3, 1963; allowing the jury to deliberate on Sunday, November 3, 1963; and allowing the jury to return its verdict and accepting same on Sunday, November 3, 1963."

By our disposition of this assignment we do not in any way pass upon the sufficiency or lack of sufficiency of the evidence to convict the defendants as charged in the indictment.

In our view of this case we are compelled to reverse for the error thus assigned. The record shows that the trial of these cases commenced on Monday, October 28, 1963

at 9:30 A. M. and continued through the entire week. At approximately 8:30 P. M. on Saturday night, November 2, 1963, the court charged the jury and they retired to deliberate.

At approximately 12:30 A. M. on Sunday, November 3, 1963, the jury returned to make inquiry of the judge as to where the verdict should be written on the jacket. They retired thereafter, only to return minutes later to have portions of the original charge repeated to them by the trial judge. They retired again at 12:54 A. M. and then at 1:10 A. M., on Sunday morning, the jury delivered the jacket to the trial judge, and he received the verdicts of the jury. The verdict found the defendants guilty as aforesaid.

The above facts give rise to the following question: Must the verdict of the jury be vitiated on the grounds that the receiving of a verdict and the repairing of the charge to the jury were judicial acts performed on Sunday morning?

■ ■ While anciently courts of justice sat on Sunday, it has long been the rule at common law, expressed by the Latin phrase *Dies dominicus non est juridicus,* that judicial proceedings cannot be held or judicial acts performed on Sunday. In jurisdictions where the common law prevails, the right or authority to perform any judicial act on Sunday must be derived from a statute conferring that right or authority. 50 Am.Jur., Sundays and Holidays sec. 73 (1944).

■ The common law of England as it stood at and before the separation of the colonies has been adopted by the State of Tennessee, being derived from North Carolina, out of which state the State of Tennessee was

carved. The Acts of North Carolina, 1715, c. 31, and Acts of North Carolina 1778, c. 5, preserved the common law, while Session Act 1789, c. 3, provided for its continuance in the State of Tennessee. *Polk v. Faris,* 17 Tenn. 209, 30 Am. Dec. 400 (1836); *McCorry v. King's Heirs,* 22 Tenn. 267, 39 Am.Dec. 165 (1842).

■ It is axiomatic that the common law recognized the sanctity of the Lord's Day, and this principle has become a part of the law of the State of Tennessee. *Graham v. State of Tennessee,* 134 Tenn. 285, 183 S.W.983 (1916); *State ex rel. Thompson v. Reichman,* 135 Tenn. 685, 188 S.W. 597 (1916).

■ We have made a thorough search of the statutes of this State, and have found no statute which would alter the common law in this regard, or more specifically confer authority to perform any judicial act on Sunday. In fact, the Sunday laws of our State tend to strengthen the policy of sanctity of the Sabbath, as espoused by the common law, and prevent the exercise of any unnecessary secular labor on the Sabbath. T.C.A. sec. 39-4001 certainly indicates the public policy of this State as concerns the sanctity of the Sabbath.

"If any person shall be guilty of exercising any of the common vocations of life, or of causing or permitting the same to be done by his children or servants, acts of real necessity or charity excepted, on Sunday, he shall, on due conviction thereof before any justice of the peace of the county, forfeit and pay ten dollars ($10.00), one-half (½) to the person who will sue for the same, the other half (½) for the use of the county."

■ Thus, the public policy of this State unquestionably opposes the commission of any secular or judicial act on

Sunday. This narrows the question to be decided to the single issue of whether the acts complained of, i. e., the receiving of a verdict, and the repeating of a portion of the charge to the jury, must render the judgment of the court void as admittedly both incidents occurred early on Sunday morning.

■ We think the rule that judicial acts performed on Sunday are void does not apply to the act of receiving and recording the verdict of a jury. It appears to be the universally recognized rule, in the absence of any statutory limitation, that the verdict of the jury in a case submitted to them on a proper day for legal proceedings may be lawfully received and recorded on Sunday. By some courts, the return and receipt of a verdict is held to be valid on the theory that it is a ministerial act; by others, the validity of the act of receiving a verdict is sustained on the ground that it is a work of necessity. 50 Am.Jur., Sundays and Holidays sec. 75 (1944).

This question was first discussed by our Court in the case of *Moss v. State of Tennessee,* 131 Tenn. 94, 173 S.W. 859 (1914). The Moss case concerned itself primarily with the charging of a jury on Sunday, and held that the said charge was a judicial act illegally performed, rendering the verdict void. However, the Court did comment upon the question of whether a verdict could be rendered on Sunday and stated:

"We are referred, by the learned Assistant Attorney General in his brief, to sundry cases wherein it is held that a verdict may be lawfully rendered on Sunday. The decided weight of authority seems to favor this contention. Some of the cases place this rule on the ground that the reception of a verdict is merely a

ministerial act, and others on the ground that it is a work of necessity or charity in the way of relieving the jury from confinement, and permitting them to go their way and employ Sunday in such manner as may seem to them enjoyable or beneficial." 131 Tenn. 109-110, 173 S.W. 862.

In the case of *Brown v. State of Tennessee,* 186 Tenn. 378, 210 S.W.2d 670 (1948), the Court held a verdict valid where a special judge was appointed in the absence of the regular judge to receive the verdict of the jury. The language of the Court is as follows:

"While the question seems to be one of first impression in this State, our case of *Moss v. State [of Tennessee],* 131 Tenn. 94, 109, 173 S.W. 859, 862, Ann.Cas.1916B, 1, observes that other jurisdictions consider the receipt of the verdict to be 'merely a ministerial act'.

"In keeping with the decided trend of the courts to disregard highly technical objections when it is clear that no prejudice to defendants has resulted, it seems proper to reject the theory that such verdict so received is vitiated, when it is apparent, as in this case, that the verdict received by the substituted judge is the one which the jury would have returned to the judge who presided at the trial." 186 Tenn. 391-392, 210 S.W.2d 676.

Taking into consideration the authorities referred to herein, we conclude that a verdict may be received and recorded on Sunday, if necessary. Rather than keep the members of the jury from their families and churches on Sunday, we think the law permits this departure from the Sunday tradition.

■ Finally, we are left with the question of whether the repeating or re-reading of a portion of the charge to the jury is a judicial act, and as such not permitted to be performed on Sunday. The record shows that four pages of the charge were re-read to the jury after midnight, after the jury had attempted to return a verdict, improper in form, which the court could not accept. It is true that most of the charge so re-read related to the form of the verdict.

We think it admirable that the trial judge attempted to finish up the case in order that the jury could return to their homes for Sunday. At the same time, however, we are of the opinion that the charging or re-charging of the jury is a high judicial function and not permitted to be done on Sunday.

We think this case comes squarely under the case of *Moss v. State,* supra, which held:

"Charging the jury is a high judicial function, and it cannot be lawfully exercised on Sunday." 131 Tenn. 110, 173 S.W. 863.

We regret the necessity for doing so, but under the established law of this State, we are compelled to reverse and remand these cases. Reversed and remanded.

BURNETT, CHIEF JUSTICE, DYER and HOLMES, JUSTICES, and CLEMENT, SPECIAL JUSTICE, concur.