**Monroe Luther (Sonny) HENSLEY, Petitioner,**

v.

**Jim H. ROSE, etc., Respondent.**

**No. CIV-2-75-88.**

United States District Court, E. D. Tennessee, Northeastern Division.

Sept. 25, 1975.

---

Monroe Luther Hensley, pro se.

Brooks McLemore Jr., Atty. Gen. of Tenn., Nashville, Tenn., for respondent.

## MEMORANDUM OPINION AND CERTIFICATE

NEESE, District Judge.

The respondent showed cause why the federal writ of habeas corpus should not be granted herein. See answer herein of September 2, 1975. The two contentions of the applicant therefor, Mr. Hensley, are that he was deprived of his federal right to due process of law, Constitution, Fourteenth Amendment, when (a) the state trial judge stated to the jury trying him that he (the applicant) was on trial for murder in the first degree, when, in fact, he was on trial for murder in the second degree; and (b) the prosecuting attorney commented to the jury upon the applicant's failure to testify. There is merit to neither such contention.

■ It is conceded by the respondent herein, that in instructing the jury concerning the punishment for second degree murder, the trial judge referred to "murder in the first degree". However, the indictment under which the applicant was tried and which the jurors had available to them during their deliberations charged clearly that the applicant " * * * did unlawfully, deliberately, maliciously and with malice aforethought, kill and murder [the victim] in the second degree. * * * " Further, the trial judge stated on five or more other occasions that the applicant was charged with murder in the second degree; stated correctly the penalty for murder in the second degree, T.C.A. § 39–2408; and instructed the jury upon the elements of murder in the second, as opposed to the first, degree. This Court is able to declare from the record on file accordingly that any deprivation of the applicant's federal right to due process of law for this reason was harmless beyond a reasonable doubt. *Chapman v. California* (1967), 386 U.S. 18, 22–24, 87 S.Ct. 824, 827–828, 17 L.Ed.2d 705, 709–711[5], [6, 7], rehearings denied (1967), 386 U.S. 987, 87 S.Ct. 824, 17 L.Ed.2d 705, and 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241. This Court finds therefrom that the trial judge's "slip-of-the-tongue" did not precipitate any contribution whatever to the applicant's conviction. *Fahy v. Connecticut* (1963), 375 U.S. 85, 86–87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171, 173.

■ The applicant's crime was alleged to have involved his use of an automobile. In

his final summation to the jury, the assistant prosecuting attorney stated, *inter alia*: " * * * [A]ll the evidence in this case is that this man [the applicant] was driving the automobile. There's *no evidence from any source—the uncontradicted evidence* in this case is that this man was driving the automobile, and it was his automobile. * * * *" (Emphasis supplied.) The applicant insists that this amounted to a comment upon his failure to testify.

 The privilege against self-incrimination in the Constitution, Fifth Amendment, precludes a comment by a state prosecuting attorney on the failure of the accused to testify. *Griffin v. California* (1965), 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, rehearing denied (1965), 381 U.S. 957, 85 S.Ct. 1797, 14 L.Ed.2d 730. This does not, however, prevent such a prosecuting attorney's arguing that the prosecution's evidence is uncontradicted. *Carlisle v. United States*, C.A. 4th (1912), 194 F. 827, 830[4]; *Rinella v. United States*, C.A. 7th (1932), 60 F.2d 216; *Bary v. United States*, C.A. 10th (1957), 248 F.2d 201; *Swain v. State* (1963), 275 Ala. 508, 156 So.2d 368, affirmed (1965), 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759, rehearing denied (1965), 381 U.S. 921, 85 S.Ct. 1528, 14 L.Ed.2d 442; *State v. Simpson* (1965), 247 La. 883, 175 So.2d 255, certiorari denied (1966), 384 U.S. 1014, 86 S.Ct. 1945, 16 L.Ed.2d 1035. Thus, in Mr. Hensley's criminal trial, the prosecuting attorney made a fair argument to the jury and made no express reference to the applicant's specific failure to testify.

For such reasons, the petitioner Mr. Monroe (Sonny) Hensley hereby is DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure. Should the applicant give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed on such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of

probable cause. Rule 22(b), Federal Rules of Appellate Procedure. As any such appeal will involve only a question of law,* such certificate in that event will ISSUE. *Idem.*

---

* Although the rule of law involved ·seems to have been well established long ago, it would appear to this Court that calling attention to the fact that the defendant has presented no evidence comes to the very parameter of impropriety regarding comment on the failure of a criminal defendant to take the stand and deny the prosecution's allegations.