Noah Harrison LUNDY, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 1, 1987.

Permission to Appeal Denied by Supreme Court March 14, 1988.

Douglas A. Trant, Randall E. Reagan, Knoxville, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Gordon W. Smith, Asst. Atty. Gen., Nashville, William E. Dossett, Dist. Atty. Gen., William H. Crabtree, Asst. Dist. Atty. Gen., Knoxville, for appellee.

## OPINION

O'BRIEN, Judge.

This is an appeal from denial of a petition for post conviction relief. Following a jury trial, defendant Noah Lundy was convicted on charges of rape and crime against nature, and sentenced to the penitentiary.[1] On direct appeal the defendant raised fourteen (14) issues for reversal. The Court of Criminal Appeals affirmed the convictions and the Tennessee Supreme Court denied review. On 12 May 1975, immediately following the decision of the Supreme Court, defendant filed a petition for post-conviction relief alleging nine (9) separate grounds for relief. At the evidentiary hearing the court ordered the petition amended to include the ground that defendant had received ineffective assistance of counsel at trial. After hearing all of the evidence proffered in the case the trial court entered an order denying relief.

On 15 February 1979 a petition for writ of habeas corpus was filed in the District Court for the Middle District of Tennessee. The petition asserted four grounds for relief:

(1) Limiting the cross-examination of the prosecutrix.

(2) The prejudicial conduct of the prosecuting attorney in making certain remarks in front of the jury.

(3) The prosecuting attorney's comments on the failure of defendant to testify.

(4) An improper jury instruction that every witness is presumed to swear the truth.

The District Court Judge granted the writ of habeas corpus and directed the discharge of defendant from custody unless he was brought to trial by the State of Tennessee within ninety (90) days. In the face of the findings of the trial judge on evidentiary questions, the affirmance of the judgment by the Court of Criminal Appeals, and denial of an appeal from that Court's judgment by the Supreme Court, the Federal District Judge, in a somewhat caustic memorandum, found that while there was sufficient evidence, if believed by the jury, to sustain the conviction of the petitioner, that evidence was overwhelming only if the testimony of the prosecutrix (victim) was believed. He held that, "under the charge as given, the limitation of cross-examination of the victim, and the flagrant prosecutorial misconduct [of the District Attorney General] that petitioner did not receive a fair trial, his Sixth Amendment rights were violated and the jury poisoned by the prosecutorial misconduct." As noted by the United States Supreme Court in reversing the District Court's judgment (*Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 1200, 71 L.Ed.2d 379 (1982)):

"Apparently in an effort to assess the 'atmosphere' of the trial, the District Court reviewed the State trial transcript and identified 10 instances of prosecutorial misconduct, only five of which the respondent had raised before the state courts. In addition, although purportedly not ruling on the respondent's fourth ground for relief—that the state trial judge improperly charged that 'every witness is presumed to swear the truth' —the court nonetheless held that the jury instruction, coupled with both the restriction of counsel's cross-examination of the victim and the prosecutor's 'personal testimony' on the weight of the State's evidence, ... violated the respondent's right to a fair trial....

In short, the District Court considered several instances of prosecutorial misconduct never challenged in the state trial or

---

1. Defendant rejected a negotiated settlement whereby the District Attorney General would recommend a total sentence of ten (10) years imprisonment. He elected to go to trial and was sentenced to consecutive terms of one hundred twenty (120) years on the rape charge and from five (5) to fifteen (15) years on the crime against nature charge.

appellate courts, or even raised in the respondent's habeas petition."

In all fairness to the District Court, the case was reversed on the premise that a Federal District Court must dismiss a State prisoner's habeas corpus petition containing both unexhausted and exhausted claims. In reversing, the court observed that a total exhaustion rule would not impair a prisoner's principal interest in obtaining speedy federal relief on his claims since he could either amend the petition to delete the unexhausted claims, or return to state court to exhaust all of his claims.

The petitioner elected to proceed in the state courts and on 6 July 1982 filed the instant post-conviction petition alleging six (6) grounds:

A. The trial court violated his constitutional rights by limiting his cross-examination of the state's chief witness, the prosecutrix;

B. The prejudicial conduct of the Assistant District Attorney General violated the appellant's United States Constitutional rights;

C. The Assistant District Attorney General's adverse comments relating to the appellant's failure to testify violated his United States Constitutional rights;

D. The Assistant District Attorney General's personal evaluation of the state's proof and final summation violated the appellant's rights to a fair trial;

E. The trial judge's improper charge to the jury violated the appellant's constitutional rights; and

F. The appellant's court appointed trial attorneys failed to display the degree of care and competence necessary to effectively represent him.

Counsel who presently represent petitioner were appointed immediately and offered an opportunity to amend the petition. No amendments were filed. The cause came on to be heard on the State's motion to dismiss, exhibits introduced and argument of counsel, upon which the trial court dismissed the petition without an evidentiary hearing. The trial judge found that

grounds A and B had been previously adjudicated on direct appeal in *Lundy v. State*, 521 S.W.2d 591 (Tenn.Cr.App.1974), cert denied by Tennessee Supreme Court 10 March 1975. That grounds C, D, and E in the petition had been waived, and that ground F had been previously decided in the earlier post-conviction proceeding under Docket No. C–412. This judgment was affirmed by this Court in a written opinion on 12 October 1983. On 4 June 1984 in an unpublished opinion the Tennessee Supreme Court reversed the judgment of this Court, rejecting the conclusion that all of petitioner's claims had either been previously considered or had been waived. The Court remanded the cause with directions to permit appropriate amendments, hold an evidentiary hearing, if required, and a record made in view of the State's position in federal court that the earlier petition for habeas corpus contained grounds which had not been "exhausted" in the state courts. The court concluded that if relief was not granted in the state courts there should be findings of fact and conclusions of law stated, showing reasons for the action taken with respect to each and every claim asserted by the petitioner.

The pro se petition for post-conviction relief filed in this cause sets forth petitioner's grounds for relief in exemplary form. Subsequent to the appointment of counsel the petition was amended three times. The final amendment specifically reiterates the intention to proceed on grounds (A), (B), (C), (D) and (E), and deletes ground (F) of the petition alleging that court appointed trial counsel failed to display the degree of care and competence required for effective representation. This intent was confirmed by petitioner in open court.

After the evidentiary hearing the trial judge entered an order in which he set forth findings of fact and conclusions of law in accordance with T.C.A. § 40–30–118. He found that grounds (A) and (B) were issues which had been raised on direct appeal and decided adversely to the petitioner by this Court in *Lundy v. State*, supra. He also questioned whether there had been a constitutional abridgement at all by this

evidentiary ruling in the trial court. He found grounds (C) and (D) had been waived by petitioner's failure to raise these questions on direct appeal or in his prior post-conviction petition. He also found from his reading of the transcript that the remark attributed to the Attorney General as constitutional error was proper under the circumstances of the case, did not refer to defendant's decision not to testify, and was permissible comment, citing *Hensley v. Rose*, 429 F.Supp. 75, affd, 549 F.2d 801, cert denied, 431 U.S. 922, 97 S.Ct. 2193, 53 L.Ed.2d 235 (1977); and *State v. Rice*, 638 S.W.2d 424 (Tenn.Cr.App.1982). He also found the use of the first person pronoun "I" by the Assistant District Attorney in argument was not misconduct when used to express his belief, if based solely on the evidence and the jury was not misled to believe there was other evidence known to him which had not been introduced, citing *Henderson v. State*, 218 F.2d 14, cert denied, 349 U.S. 920, 75 S.Ct. 660, 99 L.Ed. 1253 (1955). He found that ground (E) in reference to the propriety of the jury instruction that "every witness is presumed to swear the truth", had not been raised by the petitioner previously and was therefore waived. He further found that the instruction was not erroneous under the authority of *Hull v. State*, 553 S.W.2d 90 (Tenn.Cr. App.1977); and *State v. Lee*, 634 S.W.2d 645 (Tenn.Cr.App.1982). He also noted that defendant had withdrawn his complaint involving ineffective assistance of counsel. The petition was dismissed.

On this appeal petitioner asserts that the judgment of the trial court should be set aside and his convictions vacated because the grounds set forth in his petition are errors of constitutional dimension.

The first ground stated in the petition for post-conviction relief, and relied on in this court for reversal, is that petitioner's constitutional rights were somehow violated by the trial court's limitation of cross-examination of the prosecutrix. The judgment of the court below is eminently correct in the conclusion that this Court did rule on the issue on defendant's appeal from his original conviction.

■ The Federal District Judge who granted the writ of habeas corpus also made his own analysis of the record on this issue as though he were conducting an appellate court review of the evidence. This was both inappropriate, *Rose v. Lundy*, supra, p. 1218, Stevens, Justice, dissenting, and in our opinion, inaccurate. Factually, the issue arose when defense counsel, on cross-examination, began an inquiry of the victim about her chastity, and prior sexual encounters with other young men. She was asked in detail about her sexual activity with a young man to whom she had previously been engaged. She answered freely, as she had on direct examination, that she had engaged in sexual intercourse with him. She was asked if she also had intercourse with another boy and again freely admitted that she had, in the year 1972. She was asked if she had not had intercourse with one of these persons 10 to 20 times and responded she did not remember how many times. It was then the difficulty with the cross-examination began. Defense counsel apparently attempted to impeach her testimony by inquiry about purported prior inconsistent statements made during a pretrial interview with him. The State objected on the basis that defense counsel had not informed her of his status as defendant's attorney when the previous interrogation was made. In the course of his objection he somewhat ineptly commented that the witness was "telling the truth on the stand" ... and defense counsel had no right to impeach her on the basis of statements she had made to him without knowing his status as defendant's attorney. After an out-of-jury hearing on the issue the trial court ruled that defense counsel could not use an impeachment procedure because he had not identified himself to the witness. He sustained the State's objection but ruled that defense counsel would be allowed to ask her other questions. He stated particularly, "I'm not cutting you off Mr. Workman. You may ask her other questions" ... On at least two other occasions the trial court again explained to counsel he was not cutting him off from asking the witness about her other sexual experiences but was only

limiting him from impeachment by use of the questions asked of her during his pre-trial investigation. On the second occasion the court told defense counsel, "Yes, you could ask her questions based on your conversation, and the court so instructed you at the time and later called you up to make sure that you understood it. What the court was ruling on at the time was not that aspect of it, but what this prosecutrix told you at the time." "... You were not cut off from asking about the same subject material through other means." It is obvious from this record that the defense was not limited in the cross-examination of the prosecutrix. This issue is without merit.

■ In ground (B) raised here it is strenuously argued that the State attempted to put into evidence wholly inadmissible and prejudicial testimony by witness Terri Tankersley relative to the relationship between defendant and the witness' sister. The trial court found this issue too had been raised on direct appeal and decided adversely to the petitioner by this Court in *Lundy v. State*, supra. In *Lundy* at page 595, this Court examined the issue and found, in the context of the undisputed facts of the case, any error which occurred was harmless beyond a reasonable doubt. The judge in the habeas corpus proceeding construed the State attorney's comment, "I would think the defendant's violent nature would be material in this case...." as indicating to the jury that the State of Tennessee vouched for such a fact. Taken in context, this unfortunate statement does not indicate any such thing. It was no more than argument in response to a defense objection. In direct examination of the witness Terri Tankersley the District Attorney General began an inquiry about defendant's relationship with her sister and the fact that he dated her sister. After he had established the length of time they had dated, he asked, "Did you ever see him mistreat your sister?" The defense objected on the basis of materiality. The court sustained the objection. The witness was asked if she had ever seen any difficulties between her sister and the defendant while they were dating. Again an objection was made on the basis of materiality. The

State's counsel responded, "I would think the defendant's violent nature would be material to this case in the light of what the victim has testified to." The jury was excused and after an extensive argument, and an offer of proof in which it was developed that defendant became abusive when he had been drinking, the court ruled that the intended evidence was too far removed in time from the date of the offense on trial to be material and relevant. The objection to the admission of the evidence was sustained. The crux of the issue here is whether this exchange created sufficient prejudice in the minds of the jury to raise the issue to the level of a violation of defendant's constitutional right to a fair trial. In the context of the trial, taken as a whole, we hold that it did not. Having read the record in its entirety relative to this issue we conclude that this Court properly found it to be harmless error in its prior decision. The trial court was correct in its conclusion that this issue had been previously determined.

■ In ground (C) of the petition defendant complains of a comment made by State's counsel in closing argument. He includes only part of the statement from the record and insists this was a reference to his failure to testify. The remark in its totality is as follows:

"Now, evidently, the defendant's theory of this case is that we are to believe the minor inconsistencies in the State's proof, and, of course, the State's proof is what we are considering. The only story we've heard about what happened from 8:15 the night of March 16th until about four o'clock in the morning of March 17th came from the State's witnesses. And we're suppose (sic) to think its important whether or not he was asleep when we got there, the positions of the clothes when the police got there, whether or not there's a padlock on the door, whether he was covered or not covered, when the clothes were taken off, whether she was or was not held on the bed, whether or not she was forced with his hands or just suggested (sic) that she drink whiskey, and whether or not she

was really free to go, and whether or not at one time at one point she had her hands somewhere on his back....."

There was more to this particular line of argument, but a reading of the argument in its entirety, including that of defense counsel as well as that of the State, makes it obviously apparent that the District Attorney General was responding to the argument of defense counsel and at most it was mere argument by the State that his proof was unrefuted or uncontradicted. Such a statement is not an improper comment upon the defendant's failure to testify. *State v. Rice,* 638 S.W.2d 424, 427 (Tenn. Cr.App.1982). Also see *Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 2959, 57 L.Ed. 2d 973 (1978).

In ground (D) of the petition and the appeal it is insisted defendant's right to a fair trial was violated by the Attorney General's personal evaluation of the State's proof in final summation. The defendant sets forth a number of examples where the Attorney General used the personal pronoun "I" and argues that this was a personal evaluation of the State's proof which impinged upon his right to a fair trial.

■ Taken in isolation, as enumerated in the post-conviction relief petition, the comments of the Assistant District Attorney General assume a proportion which is exaggerated when reviewed in the light of his entire argument. Some of it is hyperbole and pure exaggeration. Some of the argument crosses over the line of demarcation beyond which counsel, in argument, should not venture. But, it did not reach the status of reversible error when viewed in the perspective of the entire proceedings. The evidence in this case was devastating against the defendant. There was not only the testimony of the victim, but that of the fourteen year old girl, with whom he had been fornicating since she was twelve, who was an eyewitness to the whole event. This evidence was corroborated, to some degree, by defendant's own admission, as well as physical evidence found in his apartment where the offense took place. There could scarcely be more positive proof of forcible rape as defined by the trial judge in his instructions to the jury. If error occurred at all it was undoubtedly harmless. *State v. Harrington,* 215 Tenn. 318, 385 S.W.2d 758, 759 (1965); T.R.A.P. 36(b); *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967).

■ Petitioner submits that the jury instruction given by the trial judge that "all witnesses are presumed to tell the truth", deprived him of his right to a trial by jury in view of the fact that he did not testify. The defendant offers no authority in his brief for this conclusion, and the cases cited to us by the State have treated the issue in a rather cursory fashion. This Court in *State v. Glebock,* 616 S.W.2d 897, 906 (Tenn.Cr.App.1981) did cite *Cupp v. Naughton,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973) as authority that this instruction is not unconstitutional. In the *Cupp* decision our United States Supreme Court made several cogent comments which we commend to the consideration of trial courts on this issue. Nonetheless, in this case, as in *Cupp,* supra, the jury was charged fully and explicitly on the presumption of innocence and the State's duty to prove guilt beyond a reasonable doubt. The court's jury instruction consisted of more than twenty pages in the record in which he instructed the jury on the issue of reasonable doubt on each of the lesser included offenses of those charged in the indictment. He charged them fully on the burden of proof imposed upon the State in reference to defendant's presumption of innocence and the obligation of the State to prove him guilty beyond a reasonable doubt. The specific portion of the charge to which defendant objects contains the instruction that "If there are conflicts in the evidence, you must reconcile them, if you can, without hastily or rashly concluding that any witness has sworn falsely, for *every witness is presumed to swear to the truth.* (Underlining ours). In considering the evidence the jurors ought to look to the intelligence and respectability of the witnesses, their relationship, their interest, their feelings, their apparent fairness or

bias, their means of knowledge, the reasonableness of their statements, their appearance and demeanor while testifying, their contradictory statements as to material matters, if any are shown, and all the evidence in the case tending to corroborate or to contradict them." We are satisfied that the instruction as given was constitutionally sound.

We affirm the judgment of the trial court in dismissing the petition for post-conviction relief.

DUNCAN and SCOTT, JJ., concur.