# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### OCTOBER 1998 SESSION



**FILED**

**January 13, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 02C01-9801-CR-00013** |
| Appellee, | ) | |
| | ) | **SHELBY COUNTY** |
| VS. | ) | |
| | ) | **HON. CHRIS CRAFT,** |
| **GRACE MATTHEWS,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Vandalism - Property Under Five Hundred Dollars) |

FOR THE APPELLANT:          FOR THE APPELLEE:

**MARK A. MESLER**
200 Jefferson Ave., Suite 1250
Memphis, TN 38103

**JOHN KNOX WALKUP**
Attorney General & Reporter

**DOUGLAS D. HIMES**
Asst. Attorney General
425 Fifth Ave., North
Nashville, TN 37243-0493

**WILLIAM E. GIBSON**
District Attorney General

**DAN BYER**
Asst. District Attorney General
Criminal Justice Center, 3rd Fl.
201 Poplar Ave.
Memphis, TN 38103

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

# **O P I N I O N**

On October 6, 1998, the defendant was convicted by a jury of vandalism in the amount of five hundred dollars ($500) or less. At a sentencing hearing held on December 9, 1997, the defendant was sentenced to four months of incarceration[1] and a four hundred ($400) dollar fine. In this appeal as of right, the defendant contends that the jury's verdict was contrary to the weight of the evidence and that the defendant's Fifth Amendment right was violated.

After a review of the record and applicable law, we affirm the defendant's conviction.

The defendant's conviction stems from an incident that occurred on December 24, 1996. The defendant went to the apartment of Ryan Thomas, a Memphis police officer. Mr. Thomas and the defendant had had a relationship and have a child together. Mr. Thomas had evidently neglected to pick the defendant up from work that evening. Although the defendant had paged Mr. Thomas several times and left several messages on his answering machine, Mr. Thomas had not responded. At about 7:30 that evening, the defendant went to Mr. Thomas' apartment. When Mr. Thomas came to the door he gave the defendant some batteries he had promised to purchase for their son's Christmas presents. When the defendant tried to talk to Mr. Thomas he said, "I don't want to hear that Grace," and shut the door.

Approximately ten minutes later, the defendant returned to Mr. Thomas' apartment and began ringing the doorbell and knocking on the door. Although Mr.

---

[1] In lieu of four months of incarceration, the defendant's sentence was suspended and she was placed on eleven months and twenty-nine days probation.

Thomas was home, he did not answer the door. Instead, he waited until the knocking stopped and then went to the window beside the door. It was at this point that Mr. Thomas observed the defendant walk closely around his car with something in her hands. Mr. Thomas realized that the defendant had scratched his car and reported the incident when he arrived at work later that evening.

The defendant now contends that the jury "verdict was contrary to the evidence that was adduced at trial in that the evidence, considered in its totality, preponderated in favor of the innocence of the accused rather than her guilt."

A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable inferences and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

3

The defendant contends that Mr. Thomas's inconsistent testimony and his lack of trustworthiness are such that no rational finder of fact could have found the defendant guilty beyond a reasonable doubt. However, questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). As such, this contention is without merit.

The defendant further contends that her Fifth Amendment rights were violated by comments made by the State during its closing argument. The defendant argues that these comments directly implicated her failure to testify and were therefore improper. The comments at issue were made as follows:

> Credibility of the witnesses. Because one of the things -- because this is what he said, what came from the stand is the world of information that you have to deal with. I mean that's all. Your conjecture, your thoughts, you know that things like this don't happen or do happen, everything that you have to consider whether or not this occurred, came from the witness stand. And so the credibility, the nature of the proof, the witnesses who testified, is what you are going to have to make your determination from. Because he said it happened. And the only proof offered at all that could make that -- to rebut that was the sister's testimony that she saw a scratch on the side of the car.

Although the defendant's attorney objected to these comments at the trial, the trial judge overruled the objection but later instructed the jury that the defendant had a right not to testify and the jury was to place no significance on or draw any inference from the fact the defendant chose not to testify.

Generally, references to the defendant's failure to testify or any arguments,

4

direct or indirect, to the jury that such failure to testify should be taken as an inference of guilt are prohibited under the Tennessee Constitution and the Fifth Amendment to the Constitution of the United States. However, in the case at bar there was no reference to the defendant's failure to testify or any argument that such failure to testify should be taken as an inference of guilt. The State merely commented that the only evidence the jury had was the testimony of the victim. The State's comments were an argument that the evidence was unrefuted or uncontradicted and, as such, are proper comments on the defendant's failure to testify. See Lundy v. State, 752 S.W.2d 98, 103 (Tenn. Crim. App. 1987); State v. Blackmon, 701 S.W.2d 228, 233 (Tenn. Crim. App. 1985); Taylor v. State, 582 S.W.2d 98, 100 (Tenn. Crim. App. 1979). Therefore, this contention is also without merit.

Accordingly, we affirm the defendant's conviction.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
L. T. LAFFERTY, Senior Judge

5